IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

TASHA HUDSON, et al.,             )
                                          )
               Plaintiffs          )
v.                                    )     Docket No. 3:18-cv-00096
                                          )
                                          )
JON FREIVALD and JOHN DOE,      )
                                          )
               Defendants     )
_____

## MOTION TO DISMISS BY DEFENDANT FREIVALD

COMES NOW your Defendant, Jon Freivald (hereinafter "Freivald"), by counsel, and moves this Court, pursuant to Rule 12(b)(6), to dismiss the Complaint filed against him for failure to state a claim upon which relief can be granted under 42 USC § 1983.

A brief in support of this motion is filed this date.

WHEREFORE, Jon Freivald moves the Court to enter an Order dismissing the Complaint against him and awarding his costs in this behalf expended.

Respectfully Submitted,

JON FRIEVALD

By Counsel

s/ Holly R. Vradenburgh_____
Holly R. Vradenburgh, Esq
LUNSFORD & VRADENBURGH, LLC
414 E. Market Street, Ste C
Charlottesville, VA 22902
(434) 328-8798 (p)
(434) 328-8799 (f)
holly@lunsford-law.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jeffrey E. Fogel, Esq.
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300 (t)
(434) 220-4852 (f)
Jeff.Fogel@gmail.com

s/ Holly R. Vradenburgh_____
Holly R. Vradenburgh, Esq
LUNSFORD & VRADENBURGH, LLC
414 E. Market Street, Ste C
Charlottesville, VA 22902
(434) 328-8798 (p)
(434) 328-8799 (f)
holly@lunsford-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| TASHA HUDSON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Docket No. 3:18-cv-00096 |
| | ) | |
| | ) | |
| JON FREIVALD and JOHN DOE, | ) | |
| | ) | |
| Defendants | ) | |

_____

BRIEF IN SUPPORT OF MOTION TO DIMISS BY DEFENDANT FREIVALD

COMES NOW your Defendant, Jon Freivald (hereinafter "Freivald"), by counsel, and submits the following brief and argument in support of his Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

FACTS

Plaintiffs filed their Complaint on October 10, 2018, and then a First Amended Complaint ("Complaint") on October 12, 2018. They allege that Freivald stopped Plaintiff Hudson's vehicle in Nelson County, Virginia in the evening hours on October 12, 2016. The Plaintiffs, all occupants of the vehicle, allege an illegal seizure civil rights violation under 42 USC §1983 and a state law claim of False Imprisonment.

The incident giving rise to this complaint occurred on October 7, 2016. On October 12, 2016, at 7:25 pm, Plaintiff Hudson went to the Charlottesville Police Department and filled out a Citizen Complaint Form alleging that at "8:30" on "10/7/16", she was stopped in Nelson County by a Charlottesville Police Officer. The October 12, 2016, Police Complaint is attached as Exhibit 1.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. *SEE* FED. R. CIV. P. 12(b)(1). A statute of limitations defense may be raised by a Fed. R. Civ. P 12(b)(6) motion. <u>Palo v. Liebig Intern, Inc.</u>, 976 F.2d 726, 726 (4th Cir. 1992). Although extrinsic evidence is generally not considered at the 12(b)(6) stage, a defendant may attach a document to his motion to dismiss that the court may consider in determining whether to dismiss the complaint if "it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." <u>American Chiropractic v. Trigon Healthcare</u>, 367 F.3d 212, 234 (4th Cir. 2004) (quoting <u>Phillips v. LCI Int'l Inc.</u>, 190 F.3d 609, 618 (4th Cir. 1999)). The rationale underlying this exception is that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice and has relied upon these documents in framing the complaint.'" <u>Id.</u>

Since 42 USC §1983 does not contain its own statute of limitations, the United States Supreme Court has held that it borrows from the relevant state law's personal injury statute of limitations. <u>Wilson v. Garcia</u>, 471 US 261, 280 (1985). Virginia Code §8.01-243 sets a two-year statute of limitations for personal injury actions in Virginia, unless otherwise provided. Likewise, <u>Jordan v. Shands</u>, 255 Va 492, 500 S.E.2d 215, 218 (Va. 1998) held that a Virginia State Claim for false imprisonment fell under the two-year statute of limitations for personal injury actions. Virginia Code §8.01-248 also provides a two-year statute of limitations for all actions for which no limitation is otherwise prescribed.

<u>ARGUMENT</u>

The Court should consider Freivald's Exhibit 1 (hereinafter "Citizen Complaint") in this Motion to Dismiss for the following reasons:

First, the Citizen Complaint is written in the first person and the instructions state it is to be filled out in the Complainant's own handwriting. Plaintiff Hudson recites similar facts and a similar location to those alleged in the Complaint, but instead of the date of incident being October 12, 2016, that was the date she filled out the complaint with the police department. In the Citizen Complaint, she claims the date of the incident was October 7, 2016.

Second, this document was filled out by Plaintiff Hudson herself only five days after the alleged incident and contains her early recollections of what occurred. There is no issue of notice to the Plaintiff and she very likely relied upon this recollection in drafting her complaint.[1]

The Complaint alleges the incident took place in the "evening hours", Exhibit A alleges the incident took place in Nelson County at "8:30" and that the report was made at the Charlottesville Police Department at 1935. The incident, therefore, could not have taken place on October 12, 2016, as the Complaint alleges.

The Court may take judicial notice that the Plaintiffs' first complaint was filed on October 10, 2018, and their First Amended Complaint was filed on October 12, 2018. Both of these filings were more than two years after the date of the incident, October 7, 2016.

WHEREFORE, Defendant Jon Freivald respectfully requests this Court dismiss the Complaint for failure to state a claim under Rule 12(b)(6), because it was not filed within the applicable two-year statute of limitations.

---

[1] Defendant Freivald understands that should the Court not find the document appropriate for a Motion to Dismiss under <u>American Chiropractic</u>, it will be required to treat this motion as a one for summary judgment under Rule 56, pursuant to Rule 12(d).

Respectfully Submitted,


s/ Holly R. Vradenburgh_____
Holly R. Vradenburgh, Esq
LUNSFORD & VRADENBURGH, LLC
414 E. Market Street, Ste C
Charlottesville, VA 22902
(434) 328-8798 (p)
(434) 328-8799 (f)
holly@lunsford-law.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to  the following counsel of record:

Jeffrey E. Fogel, Esq.
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300 (t)
(434) 220-4852 (f)
Jeff.Fogel@gmail.com


s/ Holly R. Vradenburgh_____
Holly R. Vradenburgh, Esq
LUNSFORD & VRADENBURGH, LLC
414 E. Market Street, Ste C
Charlottesville, VA 22902
(434) 328-8798 (p)
(434) 328-8799 (f)
holly@lunsford-law.com