CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 3 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| TASHA HUDSON, on her own behalf and on behalf of her minor children, T.J., O.J., D.J., and J.J.; MARQUIS JOHNSON; and MARK JOHNSON, | ) ) ) ) | Civil Action No. 3:18CV00096 |
|  | ) | **ORDER** |
| Plaintiffs, | ) ) |  |
| v. | ) | By: Hon. Glen E. Conrad |
|  | ) | Senior United States District Judge |
| JON FREIVALD and JOHN DOE, | ) ) |  |
| Defendants. | ) |  |

On October 10, 2018, Tasha Hudson, on behalf of herself and her four minor children, T.J., O.J., D.J., and J.J.; Marquis Johnson; and Mark Johnson filed this civil rights action under 42 U.S.C. § 1983 against Jon Freivald, a police officer employed by the City of Charlottesville Police Department, and an unknown police officer. Two days later, the plaintiffs filed an amended complaint. On December 4, 2018, Freivald moved to dismiss the amended complaint on the basis that the plaintiffs' claims are barred by the applicable statute of limitations. Although the plaintiffs initially opposed the motion in its entirety, they conceded during a hearing held on May 22, 2019 that the adult plaintiffs' claims are time-barred. The plaintiffs emphasized, however, that the action was also filed on behalf of Hudson's minor children, who receive the benefit of the tolling provisions set forth in Virginia Code § 8.01-229(A).

Section 8.01-229(A) tolls the applicable limitations period based on certain disabilities, including infancy. Pursuant to this statute, "a person under a legal disability, such as [minor] children, may bring an action by a 'next friend' at any time during the continuance of the legal disability or, after the disability is removed, in their own name within such time as allowed under

Code § 8.01-229 and the prescribed limitation period." Rivera v. Nedrich, 529 S.E.2d 310, 312 (Va. 1999); see also Smith v. Isle of Wight Cty. Sch. Bd., 284 F. Supp. 2d 370, 378 (E.D. Va. 2003) ("The tolling provisions of § 8.01-229(A) apply in § 1983 cases. Therefore, Joshua Smith is entitled to bring this case by a next friend any time during the period of his infancy, and his § 1983 claims are not barred by the statute of limitations.") (internal quotation marks omitted).

Under the Federal Rules of Civil Procedure and Virginia law, a minor may assert claims through a "next friend." See Fed. R. Civ. P. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."); Va. Code § 8.01-8 ("Any minor entitled to sue may do so by his next friend."). Virginia law provides that "[e]ither or both parents" may serve as the next friend of a minor child. Va. Code § 8.01-8. Because the minor child is the "real party in interest," such action must be prosecuted in the child's name rather than in the name of the next friend. Fed. R. Civ. P. 17(a)(1); see also Herndon v. St. Mary's Hosp., Inc., 587 S.E.2d 567, 570 (Va. 2003).

For these reasons and for those stated during the hearing, it is hereby

**ORDERED**

as follows:

1. Freivald's motion to dismiss (Dkt. No. 6) is **GRANTED**;

2. The claims filed by the adult plaintiffs are **DISMISSED WITH PREJUDICE**;

3. The claims filed by Hudson on behalf of her minor children are **DISMISSED WITHOUT PREJUDICE**; and

3. The minor plaintiffs are **GRANTED** leave to file a second amended complaint through Hudson as their next friend. The amended pleading shall be filed within fourteen (14) days, and its caption shall read as follows: "T.J., O.J., D.J., and J.J.,

2

infants, by their next friend, Tasha Hudson." If no amended pleading is filed within the specified time period, the case will be stricken from the court's active docket.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED: This 23rd day of May, 2019.

_____
Senior United States District Judge