**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WESTERN VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| T.J., O.J., D.J. and J.J., infants, by their next friend Tasha Hudson, | : |
| | : |
| Plaintiffs, | : **SECOND AMENDED COMPLAINT** |
| | : **AND JURY DEMAND** |
| vs. | : |
| | : Case No. 3:18-cv-00096 |
| JON FREIVALD and JOHN DOE, | : |
| | : |
| Defendant. | : |

T.J., O.J., D.J. and J.J., infants, by their next friend Tasha Hudson, and through

counsel, for their Complaint against Defendants, allege as follows:

### JURISDICTION

1.   This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and is filed pursuant to 42 U.S.C. § 1983.

2.   The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 28 U.S.C. §

1343(a)(3) and (4).

3.   The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C.

§ 1367 over any and all state claims that are so related to the claims in this action within

the original jurisdiction of this Court that they form part of the same case or controversy.

### PARTIES

4.   T.J. is a minor child of Tasha Hudson who resides with her in Albemarle County,

Virginia.

5.    O.J. is a minor child of Tasha Hudson who resides with her in Albemarle County, Virginia.

6.    D.J. is a minor child of Tasha Hudson who resides with her in Albemarle County, Virginia

7.    J.J. is a minor child of Tasha Hudson who resides with her in Albemarle County, Virginia.

8.    Defendant Jon Freivald is and was at all times relevant to this action a police officer employed by the City of Charlottesville Police Department, and acting under color of state law.

9.    Defendant John Doe is and was at all times relevant to this action a police officer employed by the City of Charlottesville Police Department, and acting under color of state law.

**FACTS**

10.    On October 7, 2016 in the evening hours, Plaintiffs were passengers in a vehicle driven by their mother, Tasha Hudson, returning home from a visit to Nelson County.

11.    Tasha Hudson violated no traffic laws as she was driving home at that time.

12.    Defendant Freivald, in uniform and driving a police vehicle, stopped the vehicle with his overhead blue lights in Nelson County where, as a Charlottesville police officer, he had no authority.

13.    Defendant Freivald told Ms. Hudson that he had stopped her because she did not respond to his blinking headlights to pull over to the right lane. He claimed that she was going too slowly to be in the left lane.

14. Defendant Freivald kept the Plaintiffs detained for more than a half-hour before he let them continue their trip.

15. Defendant John Doe, in uniform, was traveling with defendant Freivald and stood at the rear of plaintiffs' vehicle.

16. Each of the plaintiffs suffered emotional distress from this experience, particularly the youngest child, O.J., who was only two months at the time.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Civil Rights Violation (Illegal Seizure)

17. By stopping Plaintiffs' vehicle without any authority to do so, defendants conducted an illegal seizure.

18. Moreover, Defendants lacked reasonable suspicion of unlawful activity necessary to stop the vehicle.

19. The detention of plaintiffs for more than one-half hour constitutes an independent seizure without just cause.

20. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiffs were deprived of rights protected by the Fourth and Fourteenth Amendments to the United States Constitution and suffered emotional distress.

### SECOND CAUSE OF ACTION
### State Law (False Imprisonment)

21. The conduct of the defendant, as described herein, constitutes false imprisonment of the plaintiffs.

22.     As a direct and proximate cause of the actions of defendants, plaintiffs were deprived of their freedom and suffered emotional distress..

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiffs seek against the defendants, the following relief:

      A.     Reasonable compensatory damages to be determined by a jury;

      B.     Reasonable attorneys fees and costs against defendants pursuant to 42 U.S.C. § 1988; and,

      C.     Such other and further relief as appears reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

s/Jeffrey E. Fogel<br>
Jeffrey E. Fogel

Respectfully submitted,
T.J., O.J., D.J. and J.J.
By Counsel

 s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #76345
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4852 (Fax)
E-mail: Jeff.Fogel@gmail.com

Counsel for Plaintiffs                                    May 30, 2019