**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |  |
|---|---|---|
| T.J., O.J., D.J. and J.J., infants, by their next friend Tasha Hudson, | : : : : | Case No. 3:18-cv-00096 |
| Plaintiffs, | : : | |
| vs. | : : : | |
| JON FREIVALD and JOHN DOE, | : : : | |
| Defendants. | : : : | |

---

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR SUMMARY JUDGMENT**

---

**STATEMENT OF UNDISPUTED MATERIAL FACTS[1]**

1.      On October 7, 2016, Tasha Hudson and her family (including all of the Plaintiffs, her children) traveled to Nelson County from their home in Albemarle County to visit relatives and to show them Ms. Hudson's newly born infant. (Exhibit 1, Hudson dep. at 3-4).

2.      On her return, after dark, while traveling north on Route 29, she was pulled over by Defendant Freivald, using his overhead police lights, who was traveling north from his home in Nelson County to his employment as a police officer with the Charlottesville Police Department. (Exhibit 1, Hudson dep. at 8; Exhibit 2, Freivald dep. at 7).

3.      Defendant has been a patrol officer for 12 years. (Exhibit 2, Freivald dep. at 5).

4.      Officer Freivald was driving a Charlottesville marked police car and was in uniform.

---

[1]The facts cited herein are only those relevant to Plaintiffs' Motion for Summary Judgment.

(Exhibit 1, Hudson dep. at 16).

5.      Upon approaching the Plaintiffs' car, Defendant told Ms. Hudson that when people flash headlights at you, which he claimed to have done, you need to move to the right.  (Exhibit 1, Hudson dep. at 20; Exhibit 2, Freivald dep. at 17).

6.      Ms. Hudson responded that she hadn't seen anybody flashing any lights. (Exhibit 2, Freivald dep. at 17).

7.      A conversation ensued in which Officer Freivald kept insisting that she needed to move when someone flashed their lights and Ms. Hudson insisting that as a police officer he should have activated his police overhead lights, in response to which she had immediately moved off the roadway. (Exhibit 1, Hudson dep. at 20-21; Exhibit 2, Freivald dep. at 17-18).  After speaking with her for a period of time, Defendant allowed the Hudson family to continue on their way home. (Exhibit 1, Hudson dep. at 23; Exhibit 2, Freivald dep. at 19).

8.      At the time he stopped Plaintiffs, Officer Freivald was aware that since he was outside his jurisdiction, he was without authority as a police officer to effectuate a traffic stop and limited to what a private citizen is authorized to do. (Exhibit 2, Freivald dep. at 28-29).

9.      Officer Freivald was also aware that private citizens cannot stop another citizen for a traffic infraction. (Exhibit 2, Feivald dep. at 30).

**STANDARD OF REVIEW**

A motion for summary judgment requires that the genuine issues of material fact are not in dispute and that the filing party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.

**ARGUMENT**

I.    **INTRODUCTION**

In order for Plaintiffs to prevail, they must prove that they were denied a right protected by federal law by someone acting under color of state law. 42 U.S.C. § 1983.  Plaintiffs assert that they were deprived of rights protected by the Fourth Amendment when their vehicle was stopped and they were detained by Defendant who, though without jurisdictional authority and in violation of law, acted under color of law.

First, there is no doubt that traffic stops, like arrests, are detentions that implicate rights protected by the Fourth Amendment. *United States v. Foreman*, 369 F.3d 776, 780-81 (4th Cir. 2004)("Temporary detention of a individual during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure of a person within the meaning of the Fourth Amendment).  Second, Defendant Freivald, acting as a private citizen, had no authority to conduct a traffic stop for the minor traffic violations he claims occurred. And finally, the nature of Defendant's acts, including using his uniform, police vehicle and police overhead lights to detain Plaintiffs, were done "under color of law."

II.    **DEFENDANT VIOLATED PLAINTIFFS' FOURTH AMENDMENT RIGHTS BY UNREASONABLY STOPPING THEM WITHOUT AUTHORITY AS A POLICE OFFICER AND IN VIOLATION OF STATE LAW.**

Virginia law defines the territorial authority of municipal police officers. "[T]he power of a policeman to make an arrest by virtue of his office is subject to well-recognized territorial limits." *Banks v. Bradley*, 192 Va. 598, 603, 66 S.E.2d 526, 529 (1951).[2] Since stopping a car is

---

[2]There are several well recognized exceptions to this rule though none of them are applicable to this case. *See e.g.* Va. Code § 19.2-77 (authorizing police officers to make an arrest anywhere within the Commonwealth if the officer is in "close pursuit" of the person, and the

also a seizure under the Fourth Amendment, that too is territorially limited. When officers do act outside their jurisdiction in Virginia, they do so as private citizens. *Hudson v. Commonwealth*, 266 Va. 371, 376, 585 S.E.2d 583 (Va. 2003)(citing Va. Code § 19.2-250).  Private citizens, in turn, may only exercise police-like powers when they observe a felony or a breach of the peace. *Id.* at 379-380.[3]

In this case there is no dispute that Defendant Freivald, not on duty and outside his jurisdiction seized Plaintiffs' vehicle and detained it and its occupants.[4]  He did so knowing that he was acting as a private citizen and as such could only intervene for a felony or breach of the peace committed in his presence.

A number of courts have held that an extra jurisdictional seizure is presumptively unreasonable within the meaning of the Fourth Amendment. *See e.g. Ross v. Neff*, 905 F.2d 1349, 1354 (10th Cir. 1990)("A warrantless arrest executed outside of the arresting officer's jurisdiction is analogous to a warrantless arrest without probable cause"); *United States v. Foster*, 566 F.Supp. 1403, 1412 (D.D.C. 1983)("The concept of reasonableness embodied in the Fourth Amendment logically presupposes an exercise of lawful authority by a police officer.  When a

_____

person is fleeing from an officer attempting to make an arrest or is escaping police custody.).

[3]"A breach of the peace is an act of violence or an act likely to produce violence." *Taylor v. Commonwealth*, 11 Va. App. 649, 653, 400 S.E.2d 794 (Va. Ct.App. 1991). Defendant claims that he was concerned that there was an "incipient road rage" incident if he did not take action because Ms. Hudson was traveling too slowly in the left lane obstructing traffic. (Exhibit 2, Feivald dep. at 14-15). That was entirely speculation on his part as there was no evidence that anyone committed or even threatened an act of violence or that Ms. Hudson's act of driving 54 mph in a 60 zone, even if true, was likely to produce violence.

[4]There may be a dispute about the amount of time Plaintiffs were detained but that goes to damages, not liability.

law enforcement official acts beyond his or her jurisdiction, the resulting deprivation of liberty is just as unreasonable as an arrest without probable cause."). Other courts have suggested that the blatant disregard of state law, as is the case here, could make such a seizure "unreasonable." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 527 (7th Cir. 2001). *See also United States v. Jones*, 428 F.Supp.2d 497, 503 (W.D. Va. 2006). Still other Courts, including the Supreme Court, have suggested that a good faith defense may be available. *Wyatt v. Cole*, 504 U.S. 158, 169 (1992); *United States v. Parke*, 842 F.Supp. 281, 286-87 (E.D. Mich. 1994)(applying the "good faith" exception to the warrant requirement spelled out in *United States v. Leon*, 468 U.S. 897 (1984) to extra-territorial arrests).[5]

The only opinion of the Fourth Circuit regarding extra-territorial police action is an unpublished affirmance. *See Neal v. Luedtke*, No. 16-1278 (4th Cir. November 21, 2017). Without substantial discussion, the Court upheld the district court's decision granting summary judgment to the defendants based on the reasoning in *United State v. Atwell*, 470 F.Supp. 554 (D.Md. 2007). *Atwell* held that a number of factors bear on the reasonableness of an extra-jurisdictional arrest: (1) the existence of probable cause; (2) the degree of the officer's compliance with state law; (3) the fact that officers were acting between political subdivisions of the same states; (4) the presence of exigent circumstances of the lack thereof; (5) the location where the offense or crime originated; (6) an officers knowledge that he was without authority to

---

[5]*Leon* held that the exclusionary rule would not be applicable where an officer acts in reasonable reliance on a warrant later held to be invalid. In contrast, Defendant Freivald knew that he was acting as a private citizen when he stopped Plaintiffs and can be charged with knowledge that a private citizen has no right to effectuate an arrest or detention unless s/he observes a felony or breach of the peace. Moreover, the concerns about excluding truthful evidence from a criminal trial are not present here.

make an arrest; (7) an officers blatant disregard of state law and the chain of command; (8) the motivation behind the state statute limiting territorial jurisdiction and whether it was designed do protect against unreasonable police behavior; and (9) the state's interest in making a particular type of arrest. *Id.* at 573-4.  As applied to this case, (1) there are material facts at issue over whether there was reasonable ground to suspect a violation of law[6]; (2) the officer clearly violated state law as set forth in *Hudson, supra.*; (3) the officer was acting in a jurisdiction within the state; (4) there were no exigent circumstances that would justify an exception to the state law or a warrantless arrest; (5) the claimed traffic offenses by Plaintiffs' mother originated and ended in Nelson County; (6) the officer knew that he was not authorized to act as a police officer, only a private citizen and that private citizens have no authority to intervene unless they observe a felony or breach of the peace; (7) with that knowledge, the officer's conduct was in blatant disregard of state law; (8) the case law is not clear on the motivation for limiting the jurisdictional authority of police officers; and (9) minor traffic infractions as alleged by the Defendant do not rank high in the state's interests which would be felonies and breaches of the peace, including drunk driving, etc.[7]  While a few of these factors may favor the Defendant, critical ones support the Plaintiffs' cause of action.

In a case which raised issues strikingly similar to those herein, *Horn v. City of Seat*

---

[6]For example, Defendant Freivald claims that Ms. Hudson was traveling at 54 mph in a 60 mph zone (Exhibit 2, Freivald dep. at 15), while Ms. Hudson has testified that she was going 60 mph using the cruise control of her vehicle. (Exhibit 1, Hudson dep. at 12).

[7]Defendant has claimed that Ms. Hudson was in violation of Va. Code § 46.2-842.1 (requiring drivers to move to the right on audible or light signal when being overtaken in the left lane of a divided highway "as soon as the overtaken vehicle can safely do so."). (Exhibit 2, Freivald dep. at 36).

*Pleasant*, 57 F.Supp.2d 219 (D.Md. 1999), an officer, five miles outside his jurisdiction, stopped the plaintiff for speeding.  The court first concluded that not every stop by a police officer outside his or her jurisdiction was a *per se* violation of the Fourth Amendment. *Id*. at 225-6.  The court went on to note that in Maryland, as in Virginia, an officer acting outside his jurisdiction loses his cloak of authority and therefore, barring exigent circumstances, he acts as a private citizen. *Id*. at 225.  Since an arrest by a private citizen is authorized only in limited circumstances and not for a traffic violation that does not rise to the level of a felony, the court found the officer's conduct to be unreasonable and in violation of the plaintiff's right to be free from an unreasonable seizure. *Id.* at 226.  Plaintiffs urge the Court adopt this analysis.

## III.   DEFENDANT WAS ACTING "UNDER COLOR OF LAW" WHEN HE STOPPED AND DETAINED PLAINTIFFS.

As noted, in order to sue under 42 U.S.C. § 1983, the actions of the defendant must have been taken "under color of law."  Certainly state actors performing official actions are acting "under color of law."  Private persons, however, may also be deemed to be acting under color of law when, *inter alia*, they perform a "public function," "exercising powers traditionally reserved to the state." *United States v. Day*, 591 F.3d 679, 687 (4th Cir. 2010)(private security guards armed with plenary police powers, even if limited to a specific geographical, may be deemed to be state actors.[8] *See also Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 218 (4th Cir. 1993); *Brown v. Cobb*, Case No. 3:17-cv-00627 (E.D. Va. 2018)(Government officials act

---

[8]"Acts of police officers in the ambit of their personal, private pursuits fall outside 42 U.S.C. § 1983." *Revene v. Charles County Com'rs*, 882 F.2d 870, 872 (4th Cir. 1989)(citation omitted).  No claim is made, nor is there evidence, that Defendant's actions fell in the ambit of his personal, private pursuits. Instead, Defendant's actions are consistent with an officer's "misuse of power . . . possessed by virtue of state law," which of course falls within § 1983. *Id.* at 874.

under color of law . . . if they purport to act pursuant to their authority as government officials, whether they "hew to the line of their authority or overstep it." *Revene v. Charles County Com'rs*, 882 F.2d 870, 873 (4ᵗʰ Cir. 1989)).   In this case, Defendant Freivald was exercising powers not simply traditionality reserved to the state but only legitimate if exercised by a police officer since a private citizen has no right to conduct a traffic stop for a minor traffic infraction. "'It is beyond dispute that the police function is "one of the basic functions of government"'" and a traffic stop and detention "is the function most commonly associated with the police" on patrol. *Id*. at 688.  In addition, Defendant Freivald was wearing his official uniform and badge and driving a marked police vehicle.  He also used his overhead blue lights, only associated with police cars, to effectuate the traffic stop.  These facts strongly support the proposition that Freivald was acting "under color of law."  As Defendant Freivald acknowledged, private citizens do not have access to the equipment he used to effectuate the traffic stop.  (Exhibit 2, Freivald dep. At 28).  No private driver would presume to force a fellow driver to pull off the road and to detain them for a minor traffic infraction.  Indeed, that private citizen would be subject to criminal prosecution for acting in that manner. Yet that is just what Defendant Freivald did.

**IV.     SINCE DEFENDANT WAS ACTING WITHOUT POLICE AUTHORITY TO STOP AND DETAIN AND IN VIOLATION OF STATE LAW, HIS CONDUCT IN STOPPING AND DETAINING PLAINTIFFS CONSTITUTES THE STATE TORT OF FALSE IMPRISONMENT.**

False imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 149 Va. 906, 921, 141 S.E. 860, 865 (1928)" *Jordan v. Shands*, 255 Va. 492, 497, 500 S.E.2d 215, 218 (Va. 1998)("the deprivation of an individual's freedom by physical restraint or the threat of such restraint is a tort

committed against an individual's body because that individual's body is actually confined to an area and deprived of physical liberty.").  Thus the question arises whether Defendant had adequate legal justification for restraining the liberty of Plaintiffs.  Without authority as a police officer and acting beyond the scope of the authority of citizens, Defendant physically restrained Plaintiffs in violation of law and therefore without legal justification.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs summary judgment on their claims.

Respectfully submitted,

TASHA HUDSON, as next friend of T.J., O.J., D.J. and J.J.
By Counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, Va 22902
(434) 984-0300
(434) 220-4852 (fax)
jeff.fogel@gmail.com
Counsel for Plaintiffs

March 9, 2020